Dear Mr. Self:
In your recent correspondence to this office you ask whether a school bus driver employed by the Vernon Parish School Board may also serve as an elected member of the same school board.
La.R.S. 17:428 is found within those provisions of Title 17 of the Louisiana Revised Statutes which govern education in the state. This statute prohibits an employee of a school board from also serving as an elected member of the employing school board. La.R.S. 17:428 provides, in pertinent part:
§ 428. Supervisors, principals, teachers and other employees prohibited from serving on employing school board; service on neighboring or other school board.
A. After July 27, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve as a member of the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill an unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member . . .
La.R.S. 17:428 was specifically retained by Act 700 of the Louisiana Regular Legislative Session of 1979, which enacted the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq. Section 8 of Act 700 provides that "except for the provisions of Section 428 of Title 17 of the *Page 2 
Louisiana Revised Statutes of 1950, all other laws or parts of laws in conflict herewith are hereby repealed . . ."
Even in the absence of La.R.S. 17:428, the concurrent holding of these two positions constitutes "incompatible offices" under La.R.S. 42:64(4), which prohibits the holding of two positions where "the incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment." Further, La.R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office. As defined by La.R.S. 42:62(9), the term "political subdivision" means and includes a school board for purposes of applying the dual officeholding and dual employment provisions.
Note that La.R.S. 17:428 does not prohibit an employee of a school board from seeking elective office with his employing school board, but should he be elected, he must "immediately submit his resignation to his employing board of which he is now a member." La.R.S. 17:428 also permits an employee of a school board to retain his position of employment where he is elected member of another school board, not the employing school board.
It is the opinion of this office that a school bus driver employed by the Vernon Parish School Board may not retain his employment should he be elected as a member of the same school board. Our opinion is limited to an examination of La.R.S. 17:428 and the state dual officeholding provisions, and does not consider other civil service laws which might be applicable.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg